UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA M. WADE,

    Plaintiff,

vs.                            Case No. 2:11-cv-391-FtM-29SPC

BILL CARMEN, Sheriff, MAJOR FNU RODGERS, CPL. FOUTS, CAPTAIN WILSON, OFFICER HEATHER BARALOTTA, and CHARLOTTE COUNTY JAIL, Punta Gorda, Florida,

    Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the Amended Complaint (Doc. #13, Amended Complaint), filed October 20, 2011. Katrina Wade, a pro se plaintiff, initiated this action while detained in the Charlotte County Jail by filing a Civil Rights Complaint (Doc. #1, Complaint), pursuant to 42 U.S.C. § 1983. Plaintiff attached over 70 pages of exhibits consisting of inmate grievances and responses thereto, various correspondence written to and received from the Charlotte County's Sheriff's Office, and numerous inmate medical request forms.[1] The Court previously granted Plaintiff in forma pauperis status in this action, and

---

[1] Plaintiff attached her inmate grievances and responses thereto to her initial Complaint only and did not re-attach the copies of the grievances to her Amended Complaint. The Court, however, will consider these grievances as part of the Amended Complaint when reviewing this action.

directed Plaintiff to file an Amended Complaint.  See Docs. #10, #12.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings.  In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)-(iii).  The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a

dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed

me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

Plaintiff files this action against the following Defendants: the Charlotte County Jail, the Sheriff of Charlotte County, Captain Rodgers, Corporal Fouts, Captain Wilson, and Officer Baralotta, who are employed at the Charlotte County Jail. To the extent discernable, the gravamen of Plaintiff's Amended Complaint is that she was illegally placed in "lock down" status at the Charlotte County Jail due to allegations made by two other inmates. In particular, Plaintiff alleges that she was placed in administrative confinement based on a "false" accusations by two white female inmates who claimed that Plaintiff, a black female, committed "battery, sexually harassment [sic]" against them. Amended Complaint at 9. Plaintiff states that she was not "ask[ed] what happend [sic] or accured [sic] but was lock[ed] down." Id. Plaintiff states she is not on her "mental medications" and so "her

depression has gotten worst [sic]." Id.  Plaintiff alleges that Defendants "fail [sic] to do the job by not helping [her] or question [her] but accuse [her] violating  her "4th Amendment" rights. Id.  Plaintiff does not identify what type of relief, if any, she seeks from the Court. See generally id.  Plaintiff also failed to sign her Amended Complaint at the end in violation of Fed. R. Civ. P. 11. Id. at 9.

### III.

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Although Plaintiff cites to the Fourth Amendment, liberally construing the Amended Complaint, the Court finds that Plaintiff, as pretrial detainee at the Charlotte County Jail, is entitled to the protections of the Fourteenth Amendment. Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it well settled that the same level of protection under the Eighth Amendment is afforded by the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985); Cottrell v. Caldwell, 85 F.ed 1480. 1490 (11th Cir. 1996). Indeed, the Supreme Court has previously recognized that the Fourteenth Amendment rights of general population pretrial detainees are not any different than those of convicted prisoners. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights. There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual. Bell v. Wolfish, 441 U.S. 520, 545-46 (1979)(citations and internal quotations omitted).

Although Plaintiff does not specify the type of relief she seeks, the Court finds that Plaintiff's Amended Complaint is nonetheless due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). At the outset, in order to obtain monetary

relief under § 1983, a prisoner-plaintiff must show a physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e); Douglas v. Yates, 535 F.3d at 1321 (affirming district court's *sua sponte* dismissal based upon affirmative defense of § 1997e(e) apparent from face of the complaint). Additionally, to the extent that Plaintiff seeks injunctive relief, her claim is mooted because the docket reveals that Plaintiff was transferred to Florida State Hospital on or about November 25, 2011. See Notice of Change of Address (Doc. #19). The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. Spears v. Thigpen, 836 F.2d 1327 (11th Cir. 1988). See also Green v. Branson, 108 F.3d 1296 (10th Cir. 1997); Daring v. Cancel, 783 F.2d 874 (9th Cir. 1986); Stewart v. McGinnis, 800 F. Supp. 604 (N.D. Ill. 1992), aff'd, 5 F.3d 1031 (7th Cir. 1993).

Additionally, Plaintiff cannot recover for her claim stemming from her placement in "lock down" because Plaintiff does not allege that the disciplinary report, which Plaintiff claims is "perjury" and which apparently formed the basis of her confinement, was overturned or expunged. Heck v. Humprey, 512 U.S. 477, 486-87

(1994). In particular, a claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 2007 WL 4336446 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's complaint is **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).**

2.   The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __13th__ day of December, 2011.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record